# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON CARDOZA, | 1:06cv1743 AWI DLB |
| Plaintiffs, | ORDER GRANTING MOTION TO REMAND SUBJECT TO PLAINTIFF'S FILING OF THIRD AMENDED COMPLAINT |
| v. | |
| AGEE CONSTRUCTION CORPORATION, | (Document 13) |
| Defendant. | |

Plaintiff Don Cardoza filed the instant motion to remand on December 21, 2006. The motion was heard on February 23, 2007, before the Honorable Dennis L. Beck, United States Magistrate Judge. Michael Smith appeared on behalf of plaintiff and Michael Helsley appeared on behalf of defendant Agee Construction Corporation.

**PROCEDURAL BACKGROUND**

Plaintiff filed his discrimination complaint against defendant Agee Construction in the Stanislaus Superior Court on August 7, 2006. On September 6, 2006, Plaintiff served the original complaint which included claims for: (1) Discrimination under FEHA; (2) Retaliation under FEHA; and (3) Retaliation/Termination in Violation of Labor Code Section 923.

On November 1, 2006 (before defendant answered the complaint), plaintiff filed a first amended complaint which added claims for Defamation and Slander (Fourth Claim), Unpaid Wages and Overtime (Fifth Claim), and violation of Business and Professions Code Section

17200 (Sixth Claim).  On December 1, 2006, defendant filed an Answer to the First Amended Complaint and a Notice of Removal based on the new claims.  Defendant's notice of removal is based on Section 301(a) of the Labor Management Relations Act ("LMRA"), which confers federal jurisdiction for suits alleging violations of contracts between an employer and a labor organization.  Defendants argue the overtime claims are completely preempted by Section 301 of the LMRA because the claims involve the application of a Collective Bargaining Agreement ("CBA") under the LMRA.

On December 19, 2006, plaintiff filed a Second Amended Complaint, omitting the fifth claim for Unpaid Wages and Overtime and the sixth claim under the B&P Code.  The Second Amended Complaint therefore includes the following claims: (1) Discrimination under FEHA; (2) Retaliation under FEHA; (3) Retaliation/Termination in Violation of Labor Code Section 923; and (4)Defamation and Slander.

On December 21, 2006, plaintiff filed the instant motion to remand arguing that the federal claims have now been removed from the case and remand is proper.  Plaintiff argues that he made the amendment promptly and there is no prejudice to defendant from remand at this early stage.

Defendant filed an opposition on January 22, 2007 and plaintiff filed a reply on January 25, 2007.

**FACTUAL BACKGROUND**

According to the Second Amended Complaint, in March 1995, plaintiff was hired by defendant as a master mechanic in an independent contractor capacity.  In May 2002, plaintiff became an employee of defendant.  As a result of his employment, plaintiff was required to become a member of the Operating Engineers, Local Union No. 3 and was thereby subject to the terms of the CBA between the Operating Engineers, Local No. 3 and the Associated General Contractors of California.  Under Section 4.03.02 of the CBA, plaintiff could only be terminated for "just cause" as determined under the grievance procedures in section 18.00.00 of the CBA.  Plaintiff contends that as inducement to become an employee, defendant guaranteed him 40 hours per week, even if work was not available, if he would not claim overtime, would be

available at any time, day or night, seven days a week and would maintain the fleet of heavy equipment. Plaintiff contends that from May 2002 through February 2005, his paychecks were consistently based upon the promise to pay him for 40 hours per week. Plaintiff contends that defendant also agreed to and did lease his service truck and pay for insurance and maintenance.

Plaintiff and Joan Kean, defendant's CFO, became friends after plaintiff's employment and soon developed a romantic relationship. In December 2002, they were married. Plaintiff contends that in January 2005, in the course of doing computer work, Kean discovered a file of pornography maintained on a computer owned by defendant and used by Robert Servadio, plaintiff's supervisor. Offended by the pornography, Kean asked two other senior managers to handle the situation. The managers thereafter informed Servadio that Kean had complained about the pornography. Plaintiff contends no bona fide investigation into the pornography was conducted. Plaintiff contends that thereafter, Servadio began to retaliate against Kean by using plaintiff as a conduit. The alleged retaliation included: falsely claiming that plaintiff "refused" to show time cards; falsely claiming that plaintiff took unauthorized time off; falsely claiming that plaintiff's work time was actually time off; falsely claiming that Kean signed time cards for plaintiff; and falsely claiming that defendant was not properly compensated for a job that plaintiff had arranged to do for another contractor that worked with defendant. Plaintiff contends that Marshall Agee (President of defendant) thereafter held a meeting raising a number of the foregoing issues and thereafter fired both plaintiff and his wife. Plaintiff does not believe Marshal Agee was ever informed about the true facts and was used as a "cat's paw" for retaliation by Servadio.

Plaintiff alleges he was terminated without "just cause" in retaliation for associating with Kean and advocating his position. Plaintiff also alleges he was retaliated against because he testified at a deposition in support of his wife's sexual harassment/retaliation lawsuit under FEHA.

Plaintiff utilized the grievance procedures under the CBA and on January 5, 2006, he received an Opinion and Award. The arbitrator found that plaintiff was discharged without good cause because there was no disciplinary process. *See* Arbitration Award attached to Declaration

of Michael Helsley. After the award, plaintiff sought reinstatment of his employment. Plaintiff contends defendant has failed and refused to reinstate him, in further retaliation for his role as a witness in his wife's FEHA case.

## DISCUSSION

By statute "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The party seeking to invoke federal jurisdiction, bears the burden of establishing jurisdiction. *See Indus. Tectonics, Inc. v. Aero Alloy*, 912 F. 2d 1090, 1092 (9th Cir. 1990).

Removability is determined at the time the notice of removal was filed. *Pullman Co. v. Jenkins* 305 U.S. 534, 537 (1934). If the case was removable at that time, plaintiff cannot thereafter oust the federal court of jurisdiction by voluntarily changing the case so as to destroy the ground upon which removal was based. *Hill v. Rolleri*, 615 F.2d 886, 889 (9th Cir. 1980). When the federal claims have dropped out of the lawsuit in its early stages and only state law claims remain, it may be an abuse of discretion for the federal district court to retain the case. *See Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343 (1988).

    A.    <u>Preemption Under Section 301</u>

Section 301(a) of the LMRA establishes federal jurisdiction for "[s]uits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). Federal law governs suits for breach of a CBA under the LMRA, which therefore completely preempts any state cause of action for breach thereof. *Franchise Tax Bd. Of State of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 23 (1983); *Cook v. Lindsay Olive Growers*, 911 F.2d 233, 237 (9th Cir.1990). "Even suits based on torts, rather than on breach of collective bargaining agreements, are governed by federal law if their evaluation is 'inextricably intertwined with consideration of the terms of [a] labor contract.'" *Miller v. AT & T Network Systems*, 850 F.2d 543, 545 (9th Cir.1988) (quoting *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985)).

The LMRA does not, however, preempt the application of a state law remedy when the "factual inquiry [under the state law] does not turn on the meaning of any provision of a collective bargaining agreement." *Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399, 407 (1988).[1] Thus, claims that only "tangentially involv[e]" a provision of a collective-bargaining agreement are not preempted by section 301 . . . Nor are causes of action which assert "'nonnegotiable state-law rights . . . independent of any right established by contract.'" *Miller v. AT & T Network Sys.*, *supra*, 850 F.2d at 546.

In *Miller*, 850 F.2d at 548, the court articulated the following analysis for determining whether claims based on "nonnegotiable" and "independent" state law rights are subject to preemption:

> The court must consider (1) whether the CBA contains provisions that govern the actions giving rise to a state claim, and if so, (2) whether the state has articulated a standard sufficiently clear that the state claim can be evaluated without considering the overlapping provisions of the CBA, and (3) whether the state has shown an intent not to allow its prohibition to be altered or removed by private contract. A state law will be preempted only if the answer to the first question is 'yes,' and the answer to either the second or third is 'no.'

Following this body of authority, the Ninth Circuit has explicitly recognized that a claim is not preempted by Section 301 if it merely requires reference to, as opposed to interpretation of, the provisions of a CBA. *See, e.g., Beals v. Kiewit Pacific Co., Inc.*, 114 F.3d 892, 895 (9th Cir.1997); *Associated Builders & Contractors, Inc. v. Local 302 Int'l Brotherhood of Electrical Workers*, 109 F.3d 1353, 1357 (9th Cir.1997); *Ramirez v. Fox Television Station, Inc.,* 998 F.2d 743, 749 (9th Cir.1993) ("Fox errs in equating 'reference' with 'interpret'").

Plaintiff argues the second amended complaint now presents claims based solely on state law and therefore this case should be remanded to state court. Plaintiff argues he made the amendment promptly and there is no prejudice to defendant from remand at this early stage. Plaintiff argues as a matter of comity, the state court should hear his state court discrimination

---

[1] The issue in *Lingle* was "whether an employee covered by a collective-bargaining agreement that provides her with a contractual remedy for discharge without just cause may enforce her state law remedy for retaliatory discharge." *Lingle*, 486 U.S. at 401. Reversing the court of appeals' finding of preemption, the Court noted that the elements constituting retaliatory discharge under Illinois law pertained to the conduct of the employee and the conduct and motivation of the employer. To defend against a retaliatory discharge claim, an employer must show that it had a nonretaliatory reason for the discharge; this purely factual inquiry does not turn on the meaning of any provision of a collective-bargaining agreement. *Id*. at 407.

claims. Plaintiff contends California antidiscrimination law is well developed and has an independent, well-regarded system for deciding the issues presented in this case. Plaintiff states that he is not claiming overtime.

Defendant opposes remand arguing that the basis for removal is to be determined at the time of removal and plaintiff concedes that removal of the first amended complaint was proper. Defendant argues that only the first amended complaint should be looked at for purposes of removal.

Although the Second Amended Complaint is not the operative complaint for purposes of removal jurisdiction, defendant argues it still alludes to plaintiff's arrangement regarding overtime and further states that a substantial factor in plaintiff's termination was that defendant would not honor his promise regarding time. Defendant also points out that despite dropping the fifth claim, plaintiff still seeks damages for his lost truck rental in paragraph 13g of the Second Amended Complaint. Defendant contends the "truck rental for overtime arrangement" was illegal and therefore plaintiff's Second Amended Complaint still includes his federal overtime claim.

At the hearing, plaintiff represented that the truck lease was an agreement separate and apart from his employment with defendant and that he is not seeking lost employment compensation for the termination of the truck lease. Rather, Plaintiff contends that defendant terminated the truck lease in further retaliation for plaintiff's testifying at his wife's FEHA hearing. Consequently, plaintiff argues his allegations and claims regarding the truck lease have nothing to do with and will not require interpretation of the CBA.

Plaintiff concedes that federal question jurisdiction existed at the time of removal. However, where the federal claim is dismissed after removal and only state law claims remain, the Court has discretion to remand the case to state court. Where as here, the federal claims are dropped out of the lawsuit in its early stages, it may be an abuse of discretion for the federal court to retain the case. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349 (1988). As plaintiff clarified his claims at the hearing, they do not relate to the overtime provisions of the CBA and therefore are not preempted by the LMRA. Therefore, as represented at the hearing, the Court

1 agrees plaintiff's claims are state law claims, there is no longer federal question jurisdiction and
2 due to the early stage of these proceedings, remand would be proper.  However, as discussed at
3 the hearing, plaintiff's claims are not so stated in the Second Amended Complaint.
4       Accordingly, subject to plaintiff filing a Third Amended Complaint consistent with
5 plaintiff's representations at the hearing, plaintiff's motion for remand is HEREBY GRANTED.
6 On or before March 9, 2007, plaintiff shall file a Third Amended Complaint.  Defendant shall
7 have five (5) days thereafter in which to object to remand based on the Third Amended
8 Complaint.  Should defendant fail to file an objection, the case will be remanded to Stanislaus
9 County Superior Court pursuant to this Order.
10       Based on the foregoing, Defendant's motion to remand is HEREBY GRANTED and the
11 court HEREBY ORDERS this case REMANDED to the Fresno County Superior Court.

13      IT IS SO ORDERED.
14      Dated:   **February 28, 2007**           **/s/ Dennis L. Beck**
   3b142a                            UNITED STATES MAGISTRATE JUDGE